## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARCELLUS R. FREEMAN,   :
           :
    Plaintiff,    :
  v.         :   Civil Action No. 19-cv-02569 (CKK)
           :
FEDERAL BUREAU OF PRISONS,  :
           :
    Defendant.   :

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on Defendant's Motion to Dismiss. For the reasons discussed below, the Court will grant the Motion.

## I. BACKGROUND

Plaintiff, Marcellus R. Freeman, proceeding *pro se* and *in forma pauperis*, initiated this matter on September 10, 2019. *See* Compl., ECF No. 1. Plaintiff initially sued various judges, prosecutors, employees of the Federal Bureau of Prisons ("BOP"), and the District of Columbia Department of Corrections, alleging violations of the Privacy Act, *see* 5 U.S.C. § 552a. *Id.* at 1–7, 10, 12. Plaintiff also alleged violations of the Fourth Amendment to the United States Constitution pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.* at 2, 6, 11, 12. Plaintiff attested that Defendants improperly and unlawfully used and disclosed his full social security number. *Id.* at 2, 6, 7, 9, 10. He demanded monetary damages, including compensation for alleged breaches of contract, in addition to declaratory and injunctive relief. *Id.* at 12–15.

On November 12, 2019, the Court dismissed all claims other than those proceeding pursuant to the Privacy Act. *See* 11/12/19 Ord., ECF No. 7. The Court found that, insofar as Plaintiff demanded monetary damages for alleged *Bivens* violations of his Fourth Amendment

1

rights, any such claims failed on the basis of sovereign and judicial immunity. *Id.* at 2. The Court also found that the Complaint contained no factual allegations to support a claim for breach of contract. *Id.* Last, the Court dismissed all Defendants other than BOP, finding that the only proper defendant in a Privacy Act action is the agency maintaining the challenged record, and that the Act does not cover federal courts, individuals, or District of Columbia government agencies. *Id.* at 1–2.

The matter was then assigned to this Court on November 14, 2019 and, on November 22, 2019, an Order Establishing Procedures, ECF No. 9, issued. The Order provided instruction that "[w]here a party fails to file a memorandum of points and authorities in opposition to a given motion, the Court may treat the motion as conceded." *Id.* ¶ 10(B). After an extension, on February 12, 2020, BOP – the single remaining defendant – filed a timely Motion to Dismiss and Memorandum in Support ("MTD Mem."), ECF Nos. 17, 17-1, in response to the Complaint. The Court denied Plaintiff's Motion to Appoint Counsel, ECF No. 16, on February 14, 2020, *see* Ord., ECF No. 18.

On the same date, the Court also issued an Order, advising Plaintiff of his obligations to respond to Defendant's Motion to Dismiss, pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. *See* Feb. 14, 2020 Order ("Fox Neal Ord."), ECF No. 19; *see also Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). The Court further ordered that Plaintiff file an opposition or other response to the Defendant's Motion to Dismiss by March 30, 2020. *See* Fox Neal Ord. at 2. Plaintiff was again forewarned that if he failed to file a timely response, the Court would rule on the Motion without the benefit of his position. *Id.* To date, Plaintiff has not filed any opposition or response, and has not otherwise complied with this Court's Order.

## II.  STANDARD OF REVIEW

Defendant moves to dismiss pursuant to Federal Rule 12(b)(6).  In evaluating a motion to dismiss under Rule 12(b)(6), a court must "treat a complaint's factual allegations as true . . . and must grant a plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations omitted) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).  Where an action is brought by a *pro se* plaintiff, as in the instant matter, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  Nevertheless, a court need not accept inferences drawn by a plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept a plaintiff's legal conclusions.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal,* the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.* at 678.  "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Id.* at 678.  "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint and matters about which the Court may take judicial notice." *Gustave–Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997)).

## III.   DISCUSSION

Plaintiff alleges that Defendant "willfully produced, filed, and stored" his social security number, and "failed to report the full display" of Plaintiff's social security number "generated throughout their systems[,] exposing Plaintiff to devastating consequences and unwanted invasions of personal privacy." Compl. at 7.  More specifically, he alleges that Defendant exposed his social security number "in its entirety on Pre-Sentence Investigation Reports and charging instruments held on display in [D.C. Department of Corrections and BOP] records systems which has caused and continue[s] to cause Plaintiff to suffer and sustain intentional infliction of emotional distress which has potentially devastating consequences in violation of the Privacy Act[.]" *Id.* at 9. He alleges that he became aware of these alleged infractions on August 23, 2019, when he "reviewed documents generated from [BOP] systems which displayed Plaintiff's private, personal, and confidential social security number." *Id.*

Plaintiff seeks a determination as to: (1) whether or not Defendant violated BOP policy "by displaying" his social security number "in its entirety within the [BOP] record system for the

purpose of identifying Plaintiff[;]" and (2) whether or not Defendant "failed to report the fact[1]" that Plaintiff's social security number "was on display in [the] Federal Bureau of Prisons Record System, D.C. Department of Corrections System and the United States Attorney's [O]ffice system." *Id.* at 6.

"The Privacy Act regulates the 'collection, maintenance, use, and dissemination of information' about individuals by federal agencies." *Wilson v. Libby*, 535 F.3d 697, 707 (D.C. Cir. 2008) (quoting *Doe v. Chao*, 540 U.S. 614, 618 (2004)). Subsection (g)(1) of the Privacy Act establishes the circumstances in which a plaintiff may seek civil remedies and recognizes "a civil action for agency misconduct fitting within any of four categories [and] makes separate provision for the redress of each." *Chao*, 540 U.S. at 618; *see also* 5 U.S.C. § 552a(g)(1)(A)–(D).

"The first two categories cover deficient management of records: subsection (g)(1)(A) provides for the correction of any inaccurate or otherwise improper material in a record, and subsection (g)(1)(B) provides a right of access against any agency refusing to allow an individual to inspect a record kept on him." *Chao*, 540 U.S. at 618.  "The two remaining categories deal with derelictions having consequences beyond the statutory violations *per se*." *Id.* at 619. "Subsection (g)(1)(C) describes an agency's failure to maintain an adequate record on an individual, when the result is a determination 'adverse' to that person." *Id.* "Subsection (g)(1)(D) speaks of a violation when someone suffers an 'adverse effect' from any other failure to hew to the terms of the Act." *Id.*  Suits under subsections (g)(1)(C) and (D) require a showing that "the agency acted in a manner which was intentional or willful" and that the plaintiff sustained "actual damages." *Id.* (citing 5 U.S.C. § 552a(g)(4)). Here, Plaintiff ostensibly attempts to bring claims for (1) improper

---

[1] Plaintiff does cite to any authority to support his contention that Defendant had any legal obligation to "report" the alleged publication of his social security number.

disclosure; and (2) correction of the purported improper material within Defendant's systems of records.

### a.  **Improper Disclosures**

A claim for improper disclosure arises under "catchall" subsection § 552a(g)(1)(D),[2] and consists of four elements: (1) the information in question is a "record" is contained within "a system of records[;]" (2) the agency improperly "disclosed" the information; (3) an adverse impact resulted from the disclosure; and (4) the agency's disclosure was willful or intentional. *Logan v. Dep't of Veterans Affairs*, 357 F. Supp. 2d 149, 154 (D.D.C. 2004).  A plaintiff is only entitled to relief after establishing that "actual damages" were sustained as a result of the agency's alleged Privacy Act violation. *Chao*, 540 U.S. at 620–21.

Defendant first argues that Plaintiff had not adequately pled that (1) the records at issue and his social security number were, in fact, made publicly available; and (2) the information was publicly disseminated by BOP.  *See* MTD Mem. at 5.  Plaintiff broadly alleges that the relevant "files and records [are] currently on display to public record," Compl. at 15, and that Defendant received his social security number from other agencies and improperly displayed it without notifying him, *see id.* at 10.  The Court agrees that the Complaint is a bit speculative regarding the actual public access, if any, to this information, and as what specific actions Defendant took to

---

[2] In furtherance of his improper disclosure claim, plaintiff alleges that Defendant violated BOP "Program Statement 1350.2(6)(A) and 1350.2(7) [(D)(1, 2, and 3)]."  Compl. at 7, 9.  The BOP Program Statement P1350.02 (June 29, 1998) governs the agency's "Donations, Acceptance of[;]" *see also Gerhard v. BOP*, 258 F. Supp. 3d 159, 162 (D.D.C. 2017) (discussing primary purpose of the Program Statement), and is therefore completely inapplicable to the claims and issues raised in this matter.  Plaintiff also alleges that Defendant violated unspecified provisions of BOP "Program Statement 1351.5[,]" Compl. at 10, which the Court presumes is a reference to BOP Program Statement 1351.05 CN-2 (Mar. 9, 2016), governing the "Release of Information[.]"  Subsection 513.31 of that Program Statement states that "Social Security Numbers may not be used in their entirety as a method of identification for any Bureau record system, unless such use is authorized by statute or by regulation adopted prior to January 1, 1975."  Here, Plaintiff's contention that Defendant violated its own policy is merely a restatement of his Privacy Act claims, and generally, a plaintiff "cannot bring an APA claim to obtain relief for an alleged Privacy Act violation."  *Harrison v. BOP*, 248 F. Supp. 3d 172, 182 (D.D.C. 2017) (collecting cases).  The contention that Defendant violated Program Statement 1351.05 CN-2 is thus deficient for the same reasons discussed *infra*.

publicly reveal it.  *See Hill v. Smoot*, 308 F. Supp. 3d 14, 23 (D.D.C. 2018) (finding that "plaintiff

has at most pleaded facts 'consistent with' an improper disclosure, but that 'stops short of the line

between possibility and plausibility of entitlement to relief' under the Privacy Act.") (citing

*Twombly*, 550 U.S. at 557). In this regard, the Court notes that the Privacy Act does not prohibit

all nonconsensual disclosures of information found in an individual's records.  *Krieger v. Dept. of

Justice*, 529 F. Supp. 2d 29, 47 (D.D.C. 2008).

 Similarly, the alleged intentionality of Defendant's purported actions is mostly unclear

from the face of the Complaint.  An agency acts in an intentional or willful manner "either by

committing the act without grounds for believing it to be lawful, or by flagrantly disregarding

others' rights under the Act." *Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984). To

establish that Defendant acted willfully or intentionally, Plaintiff must show that it "acted with

something greater than gross negligence." *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987);

*White v. Office of Pers. Mcpnt.*, 840 F.2d 85, 87 (D.C. Cir. 1988) (*per curiam*).  Here, any

intentional conduct can only be contemplated by generous inference. Plaintiff alleges that

defendant "willfully" stored and displayed his social security number, Compl. at 7, however,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

 Assuming *arguendo* that Plaintiff has properly pled the elements of improper disclosure,

he nonetheless fails to state a claim because he has not alleged that he suffered actual damages.

*See Gamble v. Dep't of Army*, 567 F. Supp. 2d 150, 156 (D.D.C. 2008) (citing *Chao*, 540 U.S. at

620–25) (holding that "emotional anguish alone is insufficient, and that a plaintiff must show

actual damages to recover under the Privacy Act."); *see also Krieger*, 529 F. Supp. 2d at 53

(finding that the "D.C. Circuit has held that emotional trauma alone is sufficient to qualify as an

adverse effect under Section 552a(g)(1)(D) of the [Privacy] Act.") (citing *Albright*, 732 F.2d at 186) (internal quotation marks omitted).

Here, Plaintiff alleges only that the improper disclosure has "caused and continue[s] to cause [him] to suffer and sustain intentional infliction of emotional distress." Compl. at 9. But "[t]he Privacy Act does not allow a claim for damages based on . . . emotional harm," and "[a]s a result, Plaintiff[] must specifically allege actual damages to survive a motion to dismiss for failure to state a claim." *Welborn v. IRS*, 218 F. Supp. 3d 64, 82 (D.D.C. 2016). Plaintiff also states that the disclosure may hypothetically result in other unknown and "potentially devastating consequences[,]" however, a "vague description of the harms allegedly sustained as a result of [an agency's] disclosure cannot support a demand for actual damages that must be 'limited to proven pecuniary or economic harm[,]' " *Glass v. U.S. Dep't of Justice,* 279 F. Supp. 3d 279 (D.D.C. 2017) (quoting *FAA v. Cooper*, 566 U.S. 284, 299 (2012) (emphasis omitted)), and any damages which have not yet matured raise the fundamental issue of standing, *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (noting that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III").

Accordingly, the claim for improper disclosure will be dismissed.

### b.   <u>Correction of Records</u>

Section 552a(d) of the Privacy Act allows individuals to access agency records about themselves and to request the correction of records "they believe to be inaccurate, irrelevant, untimely, or incomplete." *Doe v. FBI*, 936 F.2d 1346, 1350 (D.C. Cir. 1991). Subsections (g)(1)(A) and (C) authorize civil actions to enforce the correction and amendment provisions, and subsection (g)(4) provides for monetary damages where the agency has acted intentionally or willfully. *Id.* at

1350; *accord Deters v. United States Parole Comm'n*, 85 F.3d 655, 660–61 (D.C. Cir. 1996);
*Sellers v. Bureau of Prisons*, 959 F.2d 307, 310–12 (D.C. Cir. 1992).

In addition to monetary damages, Plaintiff requests that his social security number be
"removed from . . . files and records currently on display to public record[,]" Compl. at 15, but
such relief is unavailable as "presentence reports and BOP inmate records systems are exempt
from the amendment provisions of the [Privacy] Act." *White v. U.S. Probation Office*, 148 F.3d
1124, 1125 (D.C. Cir. 1998) (citing *Deters*, 85 F.3d at 658 n. 2); *see also Earle v. Holder*, 815 F.
Supp. 2d 176, 181-82 (D.D.C. 2011) ("It is settled that inmate records maintained by BOP,
including presentence reports, have been exempted from the Privacy Act's accuracy and
amendment requirements (subsections (d) and (e)(5)) and from its damages provision (subsection
(g)[.]") (citing 5 U.S.C. § 552a(j) (authorizing agencies to make exemptions) and 28 C.F.R. § 16.97
(listing BOP exemptions)); *Brown v. BOP*, 602 F. Supp. 2d 173, 175 (D.D.C. 2009) ("It is well
established that the Inmate Central Records System maintained by the [BOP] is exempt from the
amendment requirements and the civil remedies provisions of the Privacy Act."); *Jennings v. BOP*,
657 F. Supp. 2d 65, 71 (D.D.C. 2009) ("Insofar as plaintiff demands amendment of any record
maintained in the Inmate Central Files system, that is, amendment of the PS[R], custody
classification form, or security designation form, this relief . . . is unavailable.").

Furthermore, BOP's inmate records systems are also statutorily exempted from
subsection(g) – the damages provision – of the Privacy Act. *Earle*, 815 F. Supp. 2d at 181 (citing
5 U.S.C. § 552a(j)).  Even if this exemption were somehow inapplicable, Plaintiff's claims for
damages based on vagaries of emotional harm, without more, are insufficient under the Privacy
Act.  *See* § (a) ("Improper Disclosures"), *supra*.

Thus, Plaintiff's demand for correction or redaction of BOP's records will also be dismissed.

## IV. CONCLUSION

For the foregoing reasons, and without any argument in opposition, Defendant's Motion to Dismiss is granted, and the Complaint is dismissed for failure to state a claim.  A separate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
Date:   August 12, 2020                              United States District Judge